HENRY J. BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent CARLTON G. WIMMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket Nos. 5390-75, 5639-75.
United States Tax Court
T.C. Memo 1977-100; 1977 Tax Ct. Memo LEXIS 340; 36 T.C.M. (CCH) 468; T.C.M. (RIA) 770100; April 6, 1977, Filed *340 Edward W. Saunders, for the petitioners. Edward P. Phillips, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income taxes of petitioners as follows: Docket
Taxable Number
Year
Deficiency
5390-75
1970
$ 2,705.69
5639-75
1970
31,347.39
Upon joint motion of the parties, these cases were consolidated for trial, briefing and opinion. Concessions having been made, the following issues remain for our decision: (1) Whether Petitioners Carlton G. Wimmer and Henry J. Brown should have included in income a portion of the $161,703 paid by Georgia Water and Utility Co. to C.G. Wimmer Co. and Water Systems Engineering and Construction Co.; and, (2) Whether Petitioner Henry J. Brown received salary income from Water Systems Engineering and Construction Co. in the taxable year 1970 in the amount of $3,460. Respondent conceded that Petitioner Carlton J. Wimmer and his wife were entitled to file a joint return for the taxable year 1970. In addition, respondent conceded on brief that C. G. Wimmer Co. was not a partnership which rendered moot other *341 adjustments made in the statutory notices of deficiency. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by reference. Petitioner Henry J. Brown, who resided in Manchester, Georgia, at the time he filed his petition herein, filed a Federal income tax return for the taxable year 1970 with the Internal Revenue Southeast Service Center, Chamblee, Georgia. On November 30, 1972 Petitioner Brown filed with the Southeast Center a Form 1040, amended income tax return for the taxable year 1970, which was neither accepted as a return nor acted upon by respondent. Petitioner Carlton G. Wimmer and his wife, Patricia Wimmer, resided in Manchester, Georgia when Carlton G. Wimmer filed his petition herein. Carlton G. Wimmer applied for and was granted an extension of time for filing an income tax return for the taxable year 1970. Within the time extended Petitioner Carlton G. Wimmer and his wife, Patricia Wimmer, filed a joint income tax return for the taxable year 1970 with the Internal Revenue Southeast Service Center, Chamblee, Georgia. An amended return for the taxable year 1970, signed by Petitioner *342 Wimmer and his wife, was filed on November 29, 1972 with the Internal Revenue Service Center, Chamblee, Georgia, showing a tax liability which reflected adjustments to income to account for the amounts received by Wimmer and Water Systems, and paid to New Water, Inc. Sometime in 1969 the C.G. Wimmer Co. (Wimmer Co.) began doing business as a "partnership" in and around Manchester, Georgia. There was no written partnership agreement among the "partners," Petitioners Wimmer and Brown and one Marshall R. Twitty, Jr. Water Systems Engineering and Construction Co. (Water Systems) was incorporated in Georgia in January 1970 to transact the business previously conducted in the "partnership" form by the Wimmer Co. Water Systems was a subchapter S corporation for the taxable year 1970. During the taxable year 1970, the principal source of income of each petitioner herein was derived from a water systems installation business conducted by Wimmer Co. and subsequently by Water Systems. Wimmer Co. and Water Systems both performed services for Georgia Water and Utility Co. during 1969 and 1970. A contract was signed on March 1, 1969 between Georgia Water and Wimmer Co. wherein Wimmer *343 Co. agreed to perform services which consisted primarily of digging ditches and laying plastic pipes for water lines in and around Manchester, Georgia. The March 1, 1969 contract between Wimmer Co. and Georgia Water was entered into at the behest of Mr. Sam S. Brown, Jr. There were little, if any, negotiations between the ostensible parties to the contract; indeed, Petitioner Wimmer, who signed the contract on behalf of the Wimmer Co., and Petitioner Brown believed themselves to be employees of Mr. Sam Brown and conducted their business affairs as Mr. Brown required. The March 1, 1969 agreement was the only contractual arrangement entered into by Wimmer Co. Gross receipts under the agreement totaled $464,516.23; the amount was received by Wimmer Co. and its successor over a period beginning in March 1969 and ending in December 1970. Collections on the contract were made by Petitioner Wimmer and Mr. Twitty. The weekly expenses incurred by Wimmer Co. and Water Systems would be paid by Georgia Water acting through Mr. Sam Brown. An additional amount would be added to these costs and expenses and included in the payment made by Georgia Water. A check drawn on the account of *344 Wimmer Co. or its successor, Water Systems, in an amount equal to this additional amount would immediately be made payable to New Water, Inc. and delivered to Mr. Sam Brown. This procedure was followed either at Mr. Sam Brown's office in Atlanta, or at the job site and, on occasion, the transaction would take place by mail. Thirty-nine such payments were made to New Water, Inc. in 1969 in the aggregate amount of $121,378. These payments were charged on the books and records of Wimmer Co. as consulting fees.During 1970, in aggregate the payments totaled $40,325. However, because their accountant believed such a large expenditure for consulting could not be justified, the books of Wimmer Co. and subsequently Water Systems reflected the payments made in 1970 as "Notes Receivable." Because this change in treatment could make the company liable for income taxes on these amounts, Mr. Sam Brown agreed to assume responsibility for the payment of such additional income taxes. To reflect some measure of consistency of treatment of the payments among the parties, Mr. Sam Brown prepared and backdated to December 30, 1970, a note payable to Water Systems, for an aggregate amount of $161,703. *345 Each of the 69 checks were endorsed by Mr. Sam Brown for deposit to his solely owned and controlled corporation, New Water, Inc. At no time did Petitioners Brown or Wimmer have any interest in New Water, Inc. and, moreover, no part of any payment made to Mr. Sam Brown was either returned to petitioners or used for their benefit. Petitioner Brown was paid a salary by Water Systems in 1970 in the amount of $3,460; this amount was included in gross income on his amended return for the taxable year 1970.
ULTIMATE FINDINGS OF FACT Amounts aggregating $161,703 received by C. G. Wimmer Co. and Water Systems Engineering and Construction Co. during the taxable years 1969 and 1970 and paid to New Water, Inc., did not constitute income; therefore, no part of these amounts is taxable to petitioners.
OPINION The principal issue for our decision is whether payments aggregating $161,703 received by Wimmer Co. and Water Systems and transmitted to New Water, Inc., constitute gross income to Wimmer Co. and Water Systems and by virtue of the partnership and subchapter S provisions of the Code, gross income to petitioners. We hold that they do not. It is well settled that a taxpayer need *346 not include in income amounts which are not received under a claim of right and which are required to be transmitted to someone else. ; , affd. ; . Petitioners herein were merely a conduit through which funds flowed from Georgia Water and Utility Co. to Mr. Sam Brown's wholly owned corporation, New Water, Inc. Petitioners and the entities for whom they were ostensibly employed received no benefit from the $161,703. In essence, they merely served to provide a bank account through which these funds could be funneled to New Water, Inc. The scenario was as follows: Petitioner Wimmer or Mr. Twitty would contact Mr. Sam Brown, in person or by mail, to request funds to cover expenses incurred at the job site. Georgia Water acting through Mr. Sam Brown, would write a check for that amount plus an additional amount. Petitioner Wimmer or Mr. Twitty would then write a check payable to New Water on Wimmer Co. or *347 Water System's account in an amount equal to the additional amount included in the payment made by Georgia Water. While Mr. Sam Brown testified that the aggregate $161,703 was a loan to New Water, we do not believe his testimony. Indeed, from the record as a whole it is clear that Mr. Sam Brown devised this scheme to obtain the $161,703 at a tax cost spread among petitioners and their wives. The "Achilles Heel" was his failure to pay the tax reported by petitioners on their original returns as he promised to do. Accordingly, we hold that Wimmer Co. and Water Systems were merely a conduit for the flow of $161,703 to New Water, Inc.; because that amount is not income to the "partnership" or the subchapter S corporation, it cannot be income to petitioners. In the statutory notice of deficiency, respondent determined that Petitioner Brown failed to report on his original return for 1970 salary income in the amount of $3,460. However, on brief respondent concedes that the salary income was reported on that return and on Petitioner Brown's amended return. Petitioner Brown does not contend that he did not receive this amount. There is no dispute, therefore, that Petitioner Brown *348 is taxable on this amount. Decisions will be entered under Rule 155.